IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

```
PAT CRAIG JOHNSON as         )
Personal Representative of   )
the Estate of Marie Carr,    )
                             )
     Plaintiff,              )
                             )    CIVIL ACTION NO.
     v.                      )      1:14cv142-MHT
                             )          (WO)
FOOD GIANT SUPERMARKETS,     )
INC.,                        )
                             )
     Defendant.              )
```

OPINION

Plaintiff, as personal representative of the estate of decedent Marie Carr, sues defendant Food Giant Supermarkets, Inc., claiming that Food Giant's negligence led to Carr's tripping over a concrete parking stop and falling in the parking lot of a Food Giant supermarket. The court has jurisdiction pursuant to 28 U.S.C. §§ 1332 (diversity) and 1441 (removal). Carr initially filed this lawsuit, but later died for reasons apparently unrelated to this litigation. The plaintiff, as representative of Carr's estate, then replaced Carr in this litigation.

This cause is now before the court on Food Giant's motion for summary judgment.  For the reasons below, summary judgment will be entered in favor of Food Giant.

## I. SUMMARY-JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In making its determination, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## II. FACTUAL BACKGROUND

The following are the facts taken in the light most favorable to the plaintiff.

This case arises from a March 2013 accident in which Marie Carr, who was over the age of 70, fell and injured herself in the parking lot of a Food Giant supermarket in Abbeville, Alabama. See Transcript of Pretrial Conference (doc. no. 57), at 2:14-17. The store has a set of sliding entrance doors in the front center of the building. A sidewalk runs along the front of and adjacent to the building, and immediately in front of the sidewalk is the parking lot. In the part of the lot touching the sidewalk are several marked handicapped parking spaces, which face the front of the building at a slight angle. Each handicapped parking space has a concrete parking block near the front of the space, positioned so as to prevent a car parking in the space from driving onto the sidewalk. Each parking block is about six feet long, five inches high, and five inches deep. There are no parking

spaces directly in front of the store's front doors; instead, that area is left open as a pedestrian walkway connecting the front doors to the rest of the parking lot.  On the day of the accident, an upright metal advertising sign that appears in the submitted photographs was located in the pedestrian walkway; however, given its size, it would have blocked only about one third of the width of the walkway.  <u>See</u> Photographs of Food Giant Entrance (attached to Declaration of Ben Hogan) (doc. no. 33-2), at 3-4.

On the day of the accident, around mid-day, Carr drove to the Food Giant in her vehicle, parked in the first handicapped space immediately to the left of the pedestrian walkway to the entrance, and went into the store to shop.  After shopping, she returned to her car, loaded her groceries into its trunk, and walked her shopping cart back to the store.

At that point, Carr walked down the sidewalk in front of her car and turned left to approach the driver's side.  According to the sole eyewitness to the

4

accident, when she reached the concrete parking block at the front of her space, Carr picked up her foot as if to step over the block but did not lift her foot quite high enough; as a result, her foot caught on the parking block, causing her to fall down.  A car was parked in the spot immediately to the left of Carr's space; however, there is no evidence as to how close the cars were parked or how much space was between the parking block and the adjacent car at the time.

Carr sustained serious, permanent injuries in the accident.  After filing this lawsuit, she passed away, albeit for reasons apparently unrelated to this litigation.  She had not been deposed, so her testimony is not available to explain her perspective on how the accident occurred.

Plaintiff's expert Robert Tolbert, a professional engineer, evaluated the Food Giant parking lot for compliance with the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101-12213.  He opined that Food Giant's parking lot "did not contain an ADA

compliant accessible path, [and] did not contain an ADA mandated accessible aisle...."  Report of Robert T. Tolbert (doc. no. 33-3), at 20.[1]

## III. DISCUSSION

In a premises-liability case, a plaintiff must prove the same elements of negligence as in any tort litigation: duty, breach of duty, causation, and damages.  Sessions v. Nonnenmann, 842 So. 2d 649, 651 (Ala. 2002).  "A store patron is generally considered a business invitee for premises-liability purposes under Alabama law."  Blalock v. Wal-Mart Stores E., LP, 2007 WL 1412445, at *1 (M.D. Ala. 2007) (Thompson, J.).  The duty of a store is "to exercise reasonable care to provide and maintain reasonably safe premises for the use of his customers."  Denmark v. Marcantile Stores Co., 844 So. 2d 1189, 1192 (Ala. 2002) (quoting Maddox v. K-Mart Corp., 565 So. 2d 14, 16 (Ala. 1990)).

---

1. Tolbert's report contains other opinions as well.  However, as plaintiff has not or is no longer relying on the other opinions, they are not mentioned here.

However, under Alabama law, a landowner is not the insurer of the safety of his invitees. <u>Ex parte Mountain Top Indoor Flea Market</u>, 699 So. 2d 158, 161 (Ala. 1997). "The duty owed to an invitee is limited to hidden defects which are not known to the invitee and would not be discovered by him in the exercise of ordinary care. ... [T]he owner of premises has no duty to warn an invitee of open and obvious defects in the premises which the invitee is aware of, or should be aware of, in the exercise of reasonable care on the invitee's part. As a general rule, an invitor will not be liable for injuries to an invitee resulting from a danger which was known to the invitee or should have been observed by the invitee in the exercise of reasonable care." <u>Id</u>. (internal quotation marks and citations omitted).

"Alabama follows the Restatement (Second) of Torts, which provides that a landowner is not liable for dangers that are either known or obvious. For a defect to be 'known,' 'the plaintiff must be aware of the

existence of the condition and must appreciate the danger it involves. 'Obvious' means that the condition and risk are apparent to, and would be recognized by, a reasonable person in the position of the invitee. Therefore, the 'obvious' test is an objective one,' Hines v. Hardy, 567 So. 2d 1283, 1284 (Ala. 1990) (quoting Rest. 2d Torts § 343A (1965)); see also Ex parte Mountain Top, 699 So. 2d at 161, whereas the 'known' test is subjective." Blalock v. Wal-Mart Stores E., LP, 2007 WL 1412445, at *1-2 (M.D. Ala. 2007) (Thompson, J.).

At the pretrial conference, the plaintiff clarified that his theory is not that Carr was unaware of the parking stop. See Transcript of Pretrial Conference (doc. no. 57), at 2:21-6:16. Further, he does not argue that, due to weather, lighting, shadows, or other conditions at the time of the accident, Carr was unaware of or unable to appreciate the danger posed by

8

the parking block.[2]  Cf. <u>Woodward v. Health Care Auth. of City of Huntsville</u>, 727 So. 2d 814, 817-818 (Ala. Civ. App. 1998) (finding that questions of fact existed as to whether curb was dangerous where conditions at the time of the accident made the curb plaintiff tripped on difficult to notice; evidence had been presented that, because of the lighting at the time of the accident, the lack of a shadow, and the color of the sidewalk and driveway, the curb gave the appearance of one flat mass of concrete).  Instead, the plaintiff's theory is that, had Food Giant provided fully ADA-compliant handicapped parking spaces, Carr would not have been forced to traverse the parking block to get to her driver's side door and would not

---

2. In his response brief, the plaintiff initially argued that the parking block should have been painted yellow or another acceptable warning color.  However, he abandoned that argument at the pretrial conference.  <u>See</u> Transcript of Pretrial Conference (doc. no. 57), at 21:7-24.

have fallen.  In other words, the plaintiff seeks to proceed under a theory of negligence per se.[3]

To establish that a violation of a statute constitutes negligence per se, a plaintiff must meet a four-pronged test: "(1) The statute must have been enacted to protect a class of persons, of which the plaintiff is a member; (2) the injury must be of the type contemplated by the statute; (3) the defendant must have violated the statute; and (4) the defendant's statutory violation must have proximately caused the injury."  Parker Bldg. Servs. Co. v. Lightsey ex rel.

---

3. Food Giant argues that negligence per se constitutes a new claim that was not raised in the complaint and that the plaintiff cannot amend the complaint to allege a new claim through response at the summary-judgment stage. See Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004) ("At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed. R. Civ. P. 15(a). A plaintiff may not amend her complaint through argument in a brief opposing summary judgment.") (citation omitted). However, the court need not decide whether the plaintiff's negligence-per-se argument presents a new 'claim' or simply an alternate theory, because, regardless, the plaintiff has not established the elements necessary to support this claim or theory.

**Lightsey**, 925 So. 2d 927, 931 (Ala. 2005) (citation omitted).

The plaintiff claims that Food Giant violated ADA regulations requiring an "unobstructed access aisle" to each handicapped parking space.[4]  See Memorandum of Law in Opposition to Motion for Summary Judgment (doc. no. 44), at 21.  One ADA regulation, 36 C.F.R. Pt. 1191, App. D, 502.3-502.3.4, requires that businesses subject to the regulation provide a 60-inch access aisle extending the full length of the parking spot.  It does not specifically require that the access aisle be unobstructed.  However, the plaintiff also points to 36 C.F.R. Pt. 1191, App. C, which defines an "accessible means of egress" as "[a] continuous and unobstructed way of egress travel from any point in a building or

---

4. The plaintiff does not argue that the ADA or any other statute prohibits the use of the cement parking stops in the front of handicapped parking spaces.

11

facility that provides an accessible route to ... a public way."[5]

The plaintiff's argument that these provisions were violated is a bit complicated. At the pretrial conference, he conceded that the ADA regulations allow the access aisle to be on either side of the parking space and that the pedestrian walkway to the right of Carr's parking space constituted a legally sufficient access aisle for Carr's parking space. See Transcript of Pretrial Conference (doc. no. 57), at 17:2-8. Instead, he relies upon the parking space immediately to the left of Carr's parking space, which the parties agree did not have an ADA-compliant access aisle. See id., at 17:20-19:5. Further, he argues that the upright sign in the pedestrian walkway violated the requirement of an unobstructed access aisle.[6] See id., at 19:24-20:16. The court assumes for purposes of

---

5. A "public way" is defined as "[a]ny street, alley or parcel of land open to the outside air leading to a public street ...." 36 C.F.R. Pt. 1191, App. C.

6. The court assumes he refers to the regulation regarding an accessible 'means of egress'.

argument that the plaintiff has shown a violation of applicable regulations here.

However, even with the assumption that these regulations were violated, the plaintiff cannot meet the four-pronged test to show negligence per se because he cannot meet the fourth prong--a causal relationship between the violations and Carr's injury. As to the lack of an access aisle for the space next to Carr's, the plaintiff argues that, had that space had the required access aisle, Carr would have had more room between the cars with which to reach her door and would not have had to cross the parking block to do so.

This argument fails for several reasons. First, the parties agreed that the regulations allow the access aisle to be placed on either side of a car. Accordingly, even if the adjacent space had an access aisle, it would not necessarily have been located next to Carr's space; it might have been located on the other side of the second parking space, where it would have made no impact on Carr's actions that day.

Second, the plaintiff presented no evidence that there was not enough space between the adjacent car and the parking block for Carr to walk around the parking block instead of over it.[7] See id., at 20:22-21:2 ("THE COURT: Is there any evidence here that the reason she was walking over this parking block was because there was no way to get around it otherwise? [PLAINTIFF'S ATTORNEY]: There's nothing that says that it -- there's nothing in the record that would say that or say that that's not true. Either way.")  Accordingly, there is no basis upon which to conclude that Carr was forced to traverse the parking block.

Third, the plaintiff has not shown that anything prevented Carr from going around the back of her car and approaching her driver's-side door from the rear. The plaintiff argues that the pedestrian walkway to the right of Carr's space violated the ADA regulation of an

---

7. The plaintiff certainly could have attempted to obtain such evidence through the deposition of the sole eyewitness.  The court does not know whether counsel attempted to explore this question in the deposition or not.

14

'unobstructed' pathway due to the upright metal sign placed in it.  However, even with the assumption that the presence of this sign violated the regulation, the photographs presented in evidence make clear that the metal sign was not large enough to block pedestrians from accessing the public way or to prevent Carr from accessing her parking space from the rear.[8]  Thus, the plaintiff cannot show that the assumed statutory violation caused Carr to traverse the parking block or caused Carr's injury.  Accordingly, he cannot establish negligence per se, and Food Giant's motion for summary judgment must be granted.

An appropriate judgment will be issued.

DONE, this the 10th day of June, 2015.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

---

8. Indeed, although the eyewitness testimony presented to the court was not detailed on this point, Carr appeared to have already navigated the pedestrian walkway at least twice before tripping, as she had unloaded her cart of groceries into the back of the car and returned her cart to the store.